IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **Karen Morgan and Owen Morgan,**<br><br>Plaintiffs,<br><br>v.<br><br>**DICK'S SPORTING GOODS, INC.,**<br>345 Court Street,<br>Coraopolis, PA 15108<br><br>**Serve on:**<br>CSC-Lawyers Incorporating<br>Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant. | CASE NO: _____<br>Jury Trial Demanded |

## COMPLAINT AND JURY DEMAND

Plaintiffs Karen and Owen Morgan (hereinafter "Plaintiffs"), by and through their attorneys Julia Arfaa, Esq., Justin P. Wright, Esq. (Arfaa Law Group.), Michael G. Regas II, Esq. (Stone Law Group – Trial Lawyers, LLC), Ryan P. Barnes, Esq. and Edward J. Tarver, Esq. (Tarver Barnes Law, LLC.), hereby sues Defendant, Dick's Sporting Goods, Inc (hereinafter "Defendant"), and in support thereof, states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are and were at all times relevant to this Complaint, citizens of the State of Georgia, with their residence at 104 Brookgrove Lane, Peachtree City, Fayette County, Georgia 30269.

2. Defendant Dick's is a multinational corporation with its corporate office located in Coraopolis, Pennsylvania and doing business in the State of Maryland, and is in the business of selling retail merchandise to the public.

3. Jurisdiction is proper in this Court under 28 U.S.C § 1332(a)(1) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and the Plaintiff and Defendants are citizens of different States.

4. The venue is proper in this Court under 28 U.S.C § 1391(b) because the events that gave rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

5. Plaintiffs incorporate as if fully stated herein the allegations in Paragraphs 1 through 4.

6. On or about July 12, 2019, Plaintiff Karen Morgan (hereinafter "Mrs. Morgan"), traveled to the Defendant's store located at 2 Grand Corner Avenue in Gaithersburg, Maryland.

7. The purpose of the trip was to purchase retail merchandise.

8. At all times relevant to this Complaint, Mrs. Morgan was a business invitee of Defendant.

9. At all times relevant to this Complaint, the Defendant's store was undergoing construction or remodeling.

10. Shortly after arrival, Plaintiff walked in the women's athletic apparel section and proceeded to the Carrie Underwood athletic apparel display.

11. While Mrs. Morgan was surveying the retail merchandise in the women's athletic apparel section, suddenly and without notice an advertising display sign fell from above.

12. The aforementioned falling sign forcibly struck Mrs. Morgan in the back of her head.

13. Plaintiff has undergone medical treatment as a result of the strike and continues to experience pain and discomfort on a daily basis.

14. Defendant knew or should have known that the display sign, hung or place above the natural eye line, posed a foreseeable and dangerous risk of injury to its patrons, particularly when the building was undergoing construction or remodeling.

## COUNT I – NEGLIGENCE

Plaintiffs hereby sue Defendant for negligence and incorporates paragraphs 1 through 14 as if set forth herein and further states as follows:

15. Defendant and its agents, servants, and/or employees had a duty to maintain its premises in a safe condition, free from hazardous conditions.

16. As a business invitee, Plaintiff Mrs. Morgan had reason to believe that the store would be maintained in a reasonably safe condition.

17. Defendant and its agents, servants, and/or employees violated this duty by failing to properly secure the display sign in the women's athletic apparel section, where falling or dropping would foreseeably strike an invitee.

18. Defendant and its agents, servants, and/or employees violated this duty by failing to properly secure the display sign in the women's athletic apparel section.

19. Defendant and its agents, servants, and/or employees were otherwise careless, reckless, and/or negligent.

20. Plaintiff could not, by exercising ordinary care, discover the dangerous condition in the women's athletic apparel section.

21. As a direct and proximate result of the negligent acts and/or omissions of Defendant and its agents, servants, and/or employees, Plaintiff was caused to sustain painful and permanent injuries.

22. As a result of Plaintiff's injuries, Plaintiff was caused to pay, or became obligated to pay, great sums of money for the care and treatment of Plaintiff Mrs. Morgan's injuries and will continue to incur such expenses from time to time in the future.

23. As a result of the injuries sustained in this occurrence, Plaintiff Mrs. Morgan was caused to suffer great physical pain, mental anguish, embarrassment and will continue to suffer physical pain and mental anguish from time to time in the future, including diminished earning capacity and future medical expenses.

24. As a result of the negligence of Defendant and its agents, servants, and/or employees, Plaintiff was prevented from, and in the future will be prevented from, engaging in her usual activities, duties, and pursuits.

25. Plaintiff Mrs. Morgan avers that all of her damages and losses, past, present and future are, and will be, a direct result of the negligence of Defendant and its agents, servants, and/or employees without any negligence or lack of due care on the part of Plaintiff Mrs. Morgan thereto contributing directly or indirectly.

## COUNT II – LOSS OF CONSORTIUM

Plaintiffs hereby sues Defendant for negligence and incorporates paragraphs 1 through 25 as if set forth herein and further states as follows:

26. At all times relevant to this action, Plaintiffs were married.

27. As a direct and proximate cause of Defendant's negligence, Plaintiffs Owen and Karen Morgan have suffered loss of consortium to the detriment of their marriage, including but

not limited to, loss of society, affection, assistance, and conjugal fellowship, and will further incur such losses in the future. Plaintiff Owen Morgan also has provided valuable care and services to his wife for which he should be compensated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand and prays that the Court enter a judgment in their favor, in the amount of Five Million Dollars ($5,000,000.00), against Defendant Dick's Sporting Goods, Inc., and award Plaintiffs the following relief:

a) Compensatory damages for Plaintiff's physical and emotional pain and suffering, loss of consortium and Plaintiff's medical expenses and lost wages.

b) An award of reasonable attorney's fees as allowed by law.

c) Any and all such further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues.

This 1st day of July 2022.

                                                                                                                                   /s/ Justin P. Wright

                                                           Justin P. Wright, Esq.
Fed. Bar Id No. 20153
Julia R. Arfaa, Esq.
Fed Bar Id No. 25348
Michael G. Regas II, Esq.
Georgia Bar No. 599084
Ryan P. Barnes, Esq.
Georgia Bar No. 515586
Edward J. Tarver, Esq.
Georgia Bar No. 352789
*Counsel for Plaintiffs*

ARFAA LAW GROUP
2002 Clipper Park Road, Suite 300
Baltimore, Maryland 21211
P: (410) 889-1850
F: (410) 235-3297
E: justin@arfaalawgroup.com

STONE LAW GROUP – TRIAL LAWYERS, LLC.
5229 Roswell Road NE
Atlanta, GA 30342
P: (404) 239-0305
F: (404) 445-8003
E: mike@stonelaw.com

TARVER BARNES LAW, LLC.
P.O. Box 2997 Cobb Pkwy, Suite 300
Atlanta, GA 30339
P: (770) 546-0417
F: (770) 800-8099
E: ryan@tarverbarneslaw.com
E: eddie@tarverbarneslaw.com